CARDINAL *v.* HOUGHTON COUNTY STREET RAILWAY CO.

1. NEGLIGENCE — STREET RAILWAYS — COLLISION — HIGHWAYS — GROSS NEGLIGENCE—"LAST CLEAR CHANCE"—DISCOVERED NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

   No right of recovery exists in a personal injury action if plaintiff was guilty of contributory negligence, which was or could have been discovered by defendant in time to avert the accident, unless it also appears that defendant was chargeable with gross negligence.[1]

2. SAME—DEFINITION.

   Gross negligence, as applied by this court in cases of discovered negligence, means either intentional failure to perform a manifest duty, in reckless disregard of the consequences, as affecting life or property, or, on the other hand, thought-

[1]As to doctrine of "last clear chance," see notes in 55 L. R. A. 418; 7 L. R. A. (N. S.) 132; 17 L. R. A. (N. S.) 707; 19 L. R. A. (N. S.) 446; and 27 L. R. A. (N. S.) 379.

less disregard of consequences without the exercise of any effort to avoid them.

3. SAME—GROSS NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Plaintiff could not recover under the rule where he was injured in a collision at a curve on defendant's track which he attempted to drive across, after looking and failing to observe an approaching car, upon testimony not in dispute that the car moved but one foot after it struck his buggy, that he first observed the car when his horse was on the track, and the car was alongside the rig, and he had time after discovering the car to pull the horse off the track out of danger.

On rehearing granted May 4, 1912. Judgment for plaintiff reversed, new trial denied March 20, 1913.

*Allen F. Rees,* for appellant.

*P. H. O'Brien (W. A. Burritt,* of counsel), for appellee.

McALVAY, J.   This case was originally submitted to this court upon briefs, before five of the justices sitting, and an opinion was handed down reversing the judgment and granting a new trial. *Cardinal* v. *Railway Co.,* 165 Mich. 155 (130 N. W. 627). The justices sitting agreed upon a reversal on the ground of contributory negligence of plaintiff, but disagreed upon the question as to whether, as a matter of law, under the facts, it could be said that the doctrine of discovered negligence was not applicable. Upon the rehearing the case was argued at length by the attorneys for both sides before the full bench.

In the former opinion we have said all that was necessary upon the question of contributory negligence of plaintiff. The question of discovered negligence, however, requires consideration. If that doctrine of discovered negligence is to be applied in the instant case, it must be upon the ground that the conduct of defendant's employés, after the negligence of plaintiff was discovered, was of a character to warrant its application. The negligence of the de-

fendant who is sought to be held liable under this doctrine, as interpreted by this court, is not ordinary negligence, but no recovery can be had without intentional wrong on the part of the defendant or his agents after the discovery of plaintiff's negligence. *Putt* v. *Railway Co.*, 171 Mich. 216 (137 N. W. 132), where the cases decided by this court are cited. *Berry* v. *Railway Co.*, 173 Mich. 181 (138 N. W. 1038), citing *Knickerbocker* v. *Railway Co.*, 167 Mich. 596, 602 (133 N. W. 504, 507). In the last case cited, which is similar to the instant case, the court, among other things, said, upon this question of discovered negligence:

" The term ' gross negligence' has been used in cases decided by this court, and has a definite meaning, when referred to as authorizing a recovery for a negligent injury, notwithstanding the contributory negligence of the plaintiff. It means the intentional failure to perform a manifest duty, in reckless disregard of the consequences as affecting the life or property of another. It also implies thoughtless disregard of consequences, without the exercise of any effort to avoid them "—citing cases.

There is entire harmony in the decisions of this court upon this question.

The facts in this case, as found in the former opinion, do not warrant, under the rule just stated, the application of the doctrine of discovered negligence. It appeared from the testimony, both on the part of the plaintiff and defendant, that the car which struck the front wheel of plaintiff's buggy moved a distance of but one foot after it struck. This also appeared from plaintiff's own testimony. He testified when he discovered the car it was right alongside of him; that his horse was then on the track, which he was attempting to cross; that he had time after discovering the car to pull the horse around off from the track out of danger. This would have been impossible had the car not been under control. This record does not show an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or prop-

erty of plaintiff, nor does it imply a thoughtless disregard of consequences without the exercise of any effort to avoid them.

The judgment of the circuit court is reversed, and no new trial will be granted.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.